**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| **RICARDO OVED** | : | |
| 36 NE 1ˢᵗ St., Ste. 621 | : | |
| Miami, FL 33132 | : | CIVIL ACTION |
| | : | |
| AND | : | No.: 22-04345 |
| | : | |
| **DELTA FUND 1 PHILLY LLC** | : | **JURY TRIAL OF TWELVE JURORS** |
| 36 NE 1ˢᵗ St., Ste. 621 | : | **DEMANDED.** |
| Miami, FL 33132 | : | |
| | : | |
| AND | : | |
| | : | |
| **FUND DELTA 1 BAL LLC** | : | |
| 36 NE 1ˢᵗ St., Ste. 621 | : | |
| Miami, FL 33132 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC** | : | |
| 305 N. 3ʳᵈ Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE LTD.** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL BALTIMORE, LLC** | : | |
| 518 S. Conkling St., 4ᵗʰ Fl. | : | |
| Baltimore, MD 21224 | : | |
| | : | |
| AND | : | |

1

**ABC MANAGEMENT –**                              :
**BALTIMORE, LLC**                                :
100 International Drive, Fl. 23.                   :
Baltimore, MD 21202                               :
                                                  :
      AND            :
                                                  :
**ABC CAPITAL FINANCE, LLC**                      :
1218 N. Marshall Street                           :
Philadelphia, PA 19122                            :
                                                  :
      AND            :
                                                  :
**ABC CAPITAL HOLDINGS, LLC**                     :
1218 N. Marshall Street                           :
Philadelphia, PA 19122                            :
                                                  :
      AND            :
                                                  :
**ABC CAPITAL INCOME FUND, LLC**                  :
1218 N. Marshall Street                           :
Philadelphia, PA 19122                            :
                                                  :
      AND            :
                                                  :
**ABC CAPITAL REALTY, LLC**                       :
1218 N. Marshall Street                           :
Philadelphia, PA 19122                            :
                                                  :
      AND            :
                                                  :
**PHILLY METRO BUILDERS, LLC**                    :
4235 Main Street                                  :
Philadelphia, PA 19127                            :
                                                  :
      AND            :
                                                  :
**IPP USA, LLC**                                  :
1714 Memphis St., Ste. C-8                        :
Philadelphia, PA 19125                            :
                                                  :
      AND            :
                                                  :
**IPP-BALTIMORE, LLC**                            :
100 International Dr., 23rd Fl.                    :

Baltimore, MD 21202     :
               :
  AND         :
               :

**AGL CAPITAL INVESTMENTS, LLC** :
1218 North Marshall Street   :
Philadelphia PA 19122    :
               :
  AND         :
               :

**ABC HORIZONS, LLC**    :
3604 Eastern Avenue, 1st Fl.   :
Baltimore, MD 21224    :
               :
  AND         :
               :

**HORIZON II, LLC**     :
1218 N. Marshall Street    :
Philadelphia, PA 19122    :
               :
  AND         :
               :

**STATESIDE-PHILLY, LLC**  :
C/O M. Burr Keim Co.    :
2021 Arch St.       :
Philadelphia, PA 19103    :
               :
  AND         :
               :

**MD FIRST CONSTRUCTION** :
**COMPANY, LLC**     :
1218 N. Marshall Street    :
Philadelphia, PA 19122    :
               :
  AND         :
               :

**USA REBUILDERS, LLC**   :
1218 N. Marshall Street    :
Philadelphia, PA 19122    :
               :
  AND         :
               :

**JASON "JAY" WALSH**   :
305 N. 3rd Street      :
Philadelphia, PA 19122    :
               :

| | |
|---|---|
| AND | : |
| | : |
| **AMIR VANA** | : |
| 305 N. 3rd Street | : |
| Philadelphia, PA 19122 | : |
| | : |
| AND | : |
| | : |
| **YARON ZER** | : |
| 305 N. 3rd Street | : |
| Philadelphia, PA 19122 | : |
| | : |
| AND | : |
| | : |
| **PETER BROOK** | : |
| 305 N. 3rd Street | : |
| Philadelphia, PA 19122 | : |
| | : |
| AND | : |
| | : |
| **JOHN DOES 1-10** | : |
| | : |
| Defendants. | : |

## <u>FIRST AMENDED COMPLAINT</u>

### I.    INTRODUCTION

1.     Plaintiffs, Ricardo Oved, Delta Fund 1 Philly LLC, and Fund Delta 1 BAL LLC bring

this action against a variety of businesses and individuals that, in conjunction with one another,

operated as a corrupt organization under the Racketeer Influenced and Corrupt Organizations Act

in a sophisticated ponzi scheme[1].

2.     The RICO Enterprise marketed itself, particularly to foreign investors who spoke English

as a second language, as a "one-stop", "hands-off" solution to invest in "income-producing

---

[1]     All Defendant entities and individuals named herein are believed and therefore averred to
be members of the RICO Enterprise.

properties", i.e. rental properties. The RICO Enterprise represented to potential investors that the RICO Enterprise would establish an investment vehicle, i.e. a limited liability company, through which the investor would purchase a set number of properties, located in Miami, Baltimore, and/or Philadelphia.

3.      The RICO Enterprise represented to investors that in exchange for the amount paid for each rental property, the investor would receive a fully-renovated, rental property that would be exclusively managed by the RICO Enterprise.

4.      In fact, the RICO Enterprise guaranteed the rental income for either the first twelve months or first twenty-four months of ownership and even offered an "rental assurance" package that would be purchased annually to guarantee rental income in subsequent years.

5.      Plaintiffs, Delta Fund 1 Philly LLC and Fund Delta 1 BAL LLC, under the management of Plaintiff, Ricardo Oved, entered into multiple false and misleading agreements with the RICO Enterprise regarding the RICO Enterprises' guarantee to provide Plaintiffs with a fixed return on their investments. Specifically, Plaintiffs, Delta Fund 1 Philly LLC and Fund Delta 1 BAL LLC, under the management of Plaintiff, Ricardo Oved, invested approximately $3,387,529.20 through the RICO Enterprise for the purchase of twenty-five (25) properties, which included approximately $1,242,000 for the full renovation of twenty (20) of the properties.

6.      However, at no time did the RICO Enterprise intend to perform the contractual obligations that the RICO Enterprise represented to Plaintiffs.

7.      Instead, the RICO Enterprise used new investors' funds to make limited distributions to prior investors to reinforce the false narrative that the RICO Enterprises' investment scheme was sound. In reality, the RICO Enterprise operated a typical Ponzi scheme by utilizing new

investor's funds to distribute to pre-existing investors owed a guaranteed fixed return, i.e. the guaranteed rental income.

8.      The RICO Enterprise preyed on foreign investors who did not speak English or spoke English as a second language and were unfamiliar with the procedure to purchase real estate in the United States.

9.      As a result of the RICO Enterprises' false and misleading statements, Plaintiffs and numerous other individuals acquired investment properties with the intention of receiving passive income, but were instead left with properties that were not renovated, mired with expenses including prior unpaid taxes, city fines and costs, as well as squatters.

10.     In 2021, Plaintiffs discovered that the RICO Enterprise failed to make any renovations to the twenty (20) properties and had absconded with the approximately $1,242,000 Plaintiffs paid to the RICO Enterprise for the renovations.

11.     Further, Plaintiffs discovered that one (1) of the twenty-five (25) properties that Plaintiffs had "purchased", i.e. a property located at 667 N. 39th St., Philadelphia, PA 19143, remained in the name of the purported seller.

12.     Further, the RICO Enterprise failed to pay Plaintiffs guaranteed rental income in excess of approximately $450,683.

13.     Plaintiffs bring the RICO claim, as well as a number of state law claims, for the fraudulent and deceptive conduct of the RICO Enterprise.

**II.    JURISDICTION & VENUE**

14.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

15.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for

violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate commerce in connection with the transactions, acts, practices and courses of business alleged herein.

16.    This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.    Venue is proper in this District as (i) certain real property that is the subject of the transactions, acts, practices and courses of business alleged herein is situated within this District; (ii) one or more defendants reside within this District; and (iii) one or more of the transactions, acts, practices and courses of business alleged herein occurred within this District.

18.    All Defendants performed substantial business within this District, as described herein, thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

## III.    PARTIES

19.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

20.    Plaintiff, Ricardo Oved, is an adult individual with a primary place of business at the above-captioned address. At all material times, Plaintiff, Ricardo Oved was the manager of Plaintiffs, Delta Fund 1 Philly LLC and Fund Delta 1 BAL LLC.

21.    Plaintiff, Delta Fund 1 Philly LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address.

22.    Plaintiff, Fund Delta 1 BAL LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address.

23.     Defendant, ABC Capital Investments, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

24.     Defendant, ABC Capital RE LTD is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

25.     Defendant, ABC Capital RE is, upon information and belief, a limited liability company with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

26.     Defendant, ABC Capital Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

27.     Defendant, ABC Management - Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

28.     Defendant, ABC Capital Finance, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

29.     Defendant, ABC Capital Holdings, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

30.     Defendant, ABC Capital Income Fund, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary

place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

31.     Defendant, ABC Capital Realty, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

32.     Defendant, Philly Metro Builders, LLC, formerly known and registered as Home Cash 1031, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

33.     Defendant, IPP USA, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

34.     Defendant, IPP-Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

35.     Defendant, AGL Capital Investments, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is believed to be a member of the RICO Enterprise.

36.     Defendant, ABC Horizons, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

37.     Defendant, Horizons II, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

38.     Defendant, Stateside-Philly, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

39.     Defendant, MD First Construction Company, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a registered agent at the above-captioned address and is believed to be a member of the RICO Enterprise.

40.     Defendant, Premier Rentals Philadelphia, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is believed to be a member of the RICO Enterprise.

41.     Defendant, Jason "Jay" Walsh is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Jason "Jay" Walsh was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Jason "Jay" Walsh is personally knowledgeable of and controls the "pattern of racketeering activities" described herein. Further, Defendant, Jason "Jay" Walsh is named herein due to her personal involvement in fraudulent, deceptive, and/or corrupt representations to and communications with Plaintiffs.

42.     Defendant, Amir Vana is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Amir Vana was the

"Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Amir Vana is personally knowledgeable of the "pattern of racketeering activities" described herein.

43.     Defendant, Yaron Zer is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Yaron Zer was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Yaron Zer is personally knowledgeable of the "pattern of racketeering activities" described herein.

44.     Defendant, Peter Brook is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Peter Brook is an employee of one or more ABC Defendants, responsible for property management and renovations, and an agent of the RICO Enterprise and is named herein due to his personal involvement in fraudulent, deceptive, and/or corrupt communications with Plaintiffs.

45.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

46.     The term "RICO Enterprise" herein will refer collectively to Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC

Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, as well as Individual-Defendants, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10.

## IV.    OPERATIVE FACTS

47.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

### THE INITIAL REPRESENTATIONS

48.    In or around 2019, Plaintiff, Ricardo Oved learned of a guaranteed investment opportunity through the RICO Enterprise involving "Income Producing Properties" in which ABC Capital would provide guaranteed annual returns on investments in excess of nine percent (9%) per year for the first year – initially through receipt of a series of email communications and advertisements.

49.    Members of the RICO Enterprise fraudulently represented to Plaintiff, Ricardo Oved that ABC Capital was a "one-stop shop" for a guaranteed investment opportunity through "income-producing properties", i.e. rental properties, despite knowledge of the ponzi-scheme.

50.    Members of the RICO Enterprise fraudulently represented to Plaintiff, Ricardo Oved that ABC Capital had perfected a process in which it:

   a.   would create a new entity to hold the investment properties;

   b.   would select and coordinate the purchase of a to-be-agreed-upon number of properties for the newly created entity;

   c.   coordinate a full renovation of the properties, including roofing, plumbing, electrical, with new appliances, including water heater and boiler or other heating unit – all to be completed within sixty days of settlement on each property; and,

      d.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

51.    Members of the RICO Enterprise explained that ABC Capital guaranteed a return on investment in excess of nine percent per year.

<b>THE RICO ENTERPRISE & SELECT WEBSITES</b>

52.    Defendant, ABC Capital Investments, LLC was founded by Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer in or around March 2011. It is believed and therefore averred that by Defendant, Jason "Jay" Walsh, among others, founded an even earlier ABC entity in or around 2004.

53.    Over the following decade, Defendant, ABC Capital Investments, LLC, at the direction of, *inter alia,* Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, created a network of ABC affiliates that work in conjunction with each other in the Miami, Baltimore, and Philadelphia markets, including, but not limited to:

      a.   Defendant, ABC Capital RE LTD, which, upon information and belief, focuses on the purchase, sale, and management of real estate in the greater Philadelphia area;

      b.   Defendant, ABC Capital RE, which, upon information and belief, focuses on the purchase, sale, and management of real estate in the greater Philadelphia area;

      c.   Defendant, ABC Capital - Baltimore, LLC, which, upon information and belief, focuses on the purchase and sale of real estate in the greater Baltimore area;

      d.   Defendant, ABC Management – Baltimore, LLC, which, upon information and belief, focuses on the renovation and management of real estate in the greater Baltimore area;

    e.    Defendant, ABC Horizon, LLC, which, upon information and belief, focuses on the purchase and sale of real estate in the greater Baltimore area;

    f.    Defendant, IPP USA, LLC which, upon information and belief, focuses on the entire purchase, sale, and management of real estate;

    g.    Defendant, IPP-Baltimore, LLC, which, upon information and belief, focuses on the entire purchase, sale, and management of real estate in the greater Baltimore area;

    h.    Defendant, Philly Metro Builders, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Philadelphia area.

    i.    Defendant, MD First Construction Company, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Baltimore area.

    j.    Defendant, USA Rebuilders, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Baltimore area.

54.    It is believed and therefore averred that Defendants, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Capital RE, AGL Capital Investments, LLC, and Stateside-Philly, LLC, are all additional members of RICO Enterprise that serve "back-office", rather than client-facing, aspects of the RICO Enterprise.

55.    Defendant, ABC Capital RE, LTD currently maintains a website at www.abccapitalinvestments.com, which, as of March 18, 2021, represents to prospective clients that:

        ABC Capital RE, LTD offers a totally passive way to hold Real Estate. No physical or administrative involvement is required from our clients. By working with ABC, you retain legal control through your own entity or in your personal

name but we handle the rest of your affairs if you wish. Everything regarding your property is cared for by ABC Capital RE, LTD."

*See* Exhibit B, Page 1

56.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, further explains on its "About ABC Capital" page that:

ABC Capital RE, LTD is a one-stop shop for overseas and US real estate clients. We locate, renovate, and manage properties for hands off international/national clients.  You do not have the risk of buying securities but instead your real estate properties remain in your own separate legal entity. ABC has presented our unique value proposition all over the world including cities and countries such as London, Singapore, Tel Aviv, Monaco, and New York. Our rental properties are cash-flow producing in the Philadelphia residential markets.

*See* Exhibit B, Page 4.

57.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, represents how it works:

1. Choose your income property – ABC researches and locates the best rental properties to compliment our investor's needs and portfolio. Our clients just need to select a property from our stock. Normal range for our properties is from $25,000 to $50,000.

2. We renovate it for you – The ABC Capital RE, LTD team will renovate your property in a maximum of 120 days. Our team has renovated and developed over 1,000  properties. You will receive a finished product with no effort on your part. The normal cost of our renovations range from $35,000 to $100,000. The cost of renovation is guaranteed by ABC Capital RE, LTD.

3. Start receiving your rental income – You will receive your first monthly payment never later than 121 days after your purchase and every 30 days thereafter via electronic funds transfers.  First year rent income is guaranteed and starting the second year you may be able to get rent insurance if you so choose. Return on Investments are 14%+ yearly, in addition to property appreciation.

*See* Exhibit B, Page 2.

58.    Defendant, ABC Capital RE, LTD's current website, as of March 18, 2021, further represents to prospective clients the following "Highlights":

> Home Warranty – We fully renovate the properties, including a new roof with a 15-year warranty, but clients also receive a 1-year home warranty (from June 2016, it will only be 6 months) that covers your property for all damages and repairs needed within the first year of your purchase. No maintenance expenses during the first year!
>
> Rent Protect – ABC Capital ensures that your monthly payment is delivered to you without fail. Yes, a guarantee that payments are made to you for the first year after purchase. You may choose to pay for that insurance (if available ) in the 2nd and succeeding years.
>
> Electronic Monthly Payments  – Every month, your Return On Investment is sent to you via electronic funds transfer. Just provide us with the proper wiring instructions and your payments are sent automatically.

*See* Exhibit B, Page 2.

59.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, also explained its "Full Renovations" to prospective clients, stating:

> After you purchase a property from our catalog, our sister company, Philly Metro Builders will conduct a FULL renovation. This includes new boiler and new roofing (15 years warranty), so the property will have very little or no maintenance during the next years. The full renovation is conducted in less than 90 days after the purchase of your home.

*See* Exhibit B, Page 3.

60.    In or around 2019, Defendant, Jason "Jay" Walsh reiterated the foregoing representations to Plaintiff, Ricardo Oved.

61.    Plaintiff, Ricardo Oved reasonably and justifiably depended upon the representations from Defendant, Jason "Jay" Walsh, as well as the representations Plaintiff, Ricardo Oved viewed on the websites in deciding to invest funds with the RICO Enterprise.

62.    However, one or more members of the RICO Enterprise, believed to include, but not be limited to, Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, knew and intended for the foregoing properties to *not* be renovated and instead knowingly directed the RICO Enterprise to use the rehabilitation sums to pay prior investors the guaranteed rental income payments

and/or settlement payments. The RICO Enterprise maintained its front as a successful real estate investment firm through a ponzi-like scheme or practice.

63.    The RICO Enterprise was able to perpetuate their ponzi-scheme, in part, because the registered addresses of the entities it formed on behalf of their victims were at properties controlled, owned, or managed by the members of the RICO Enterprise.

64.    Based upon this control, the RICO Enterprise was able to continue the perpetuation of their fraudulent schemes as their victims never received the various correspondences from local governments regarding the various issues at the properties.

65.    In addition to controlling the registered offices of the entities it formed on behalf of their victims, the RICO Enterprise also owned, managed, or controlled the related parties responsible for property management and renovations as described *supra*.

66.    By controlling the related entities responsible for the repairs of the properties and using new victim's investments to repay prior victims' guaranteed rental income, the RICO Enterprise was able to disguise the course of the funds and the status of the properties capacity to collect rental income.

67.    Plaintiffs engaged in substantial conversations with Defendant, Peter Brook regarding the "management" and "renovations" of the properties.

68.    It is believed and therefore averred that the pool of new investors was running dry by March 2020 due to the Alphabet Litigation being filed on or about December 24, 2019 (EDPA No. 19-6116).

**THE INVESTMENTS**

69.    In or around 2019, Defendant, Jason "Jay" Walsh, believed with the assistance of unknown individuals, worked with Plaintiff to establish initial investments into ABC Capital's "Product", i.e. Plaintiffs, Delta Fund 1 Philly LLC and Fund Delta 1 BAL LLC.

70.    Defendant, Jason "Jay" Walsh, believed with the assistance other unknown individuals, selected properties in Baltimore, MD and Philadelphia, PA for Plaintiffs, Delta Fund 1 Philly LLC, and Fund Delta 1 BAL LLC to purchase.

71.    Defendant, Jason "Jay" Walsh, believed with the assistance of other unknown individuals, provided Plaintiff, Ricardo Oved a spreadsheet reflecting the costs and return on the potential properties.

72.    After multiple discussions with Defendant, Jason "Jay" Walsh, among others on his behalf, Plaintiff, Delta Fund 1 Philly LLC decided to purchase the following properties from Defendants, all of which are located in Philadelphia, Pennsylvania:

        a.    420 S. 61st St.;

        b.    667 N. 39th St.;

        c.    1110 S. 54th St.;

        d.    1334 N. Dover St.;

        e.    1510 N. Fraizer St.;

        f.    2454 N. 29th St.; and,

        g.    2512 S. Robinson St.

73.    After multiple discussions with Defendant, Jason "Jay" Walsh, among others on his behalf, Plaintiff, Fund Delta 1 BAL LLC decided to purchase the following properties from Defendants, all of which are located in Baltimore, Maryland:

    a.   1513 E. Chase St.;

    b.   602 Arsan Ave.;

    c.   808 N. Streeper St.;

    d.   1001 ½ Dundalk Avenue;

    e.   1001 Dundalk Avenue;

    f.   1513 Popland St.;

    g.   1821 Baker St.;

    h.   1918 Charles St.;

    i.   1929 W. North Ave.;

    j.   1935 Hollins St.;

    k.   2022 Etting St.;

    l.   2219 Orem Ave.;

    m.   2556 W. Baltimore St.;

    n.   2609 W. Fayette St.;

    o.   2730 Kinsley Ave.;

    p.   2915 Rockrose Ave.;

    q.   3208 Elmey Ave.; and,

    r.   1403 N. Luzerna Ave.

74.    At the direction of Defendants, Jason "Jay" Walsh, Plaintiffs paid the total sum of $3,387,529.20 for the (i) purchase of the foregoing twenty-five (25) properties; and (ii) renovation of twenty (20) of the foregoing twenty-five (25) properties in fourteen wire transfers in 2019.

## PHILADELPHIA, PA PROPERTIES

### 420 S. 61st St

75.     On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 420 S. 61st Street, Philadelphia, PA 19143 (the "420 S. 61st Street Property") from Defendant, ABC Capital RE, LTD for $101,925. *See* Exhibit C.

76.     An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

       a.  Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

       b.  Roof is warranties [sic] for 12 years.

       c.  Rents are guaranteed for $1100 [sic] per month for 2 years.

       d.  Buyer will pay 7% for Property Management for Year One.

*See* Exhibit C, Page 6.

77.     However, per the HUD Statement, the seller was actually Defendant, Stateside-Philly, LLC. *See* Exhibit D. Defendant, Jason "Jay" Walsh executed the HUD Settlement Statement on behalf of Defendant, Stateside-Philly, LLC. *Id,* Page 4.

78.     Additionally, per the HUD Settlement Statement, liens were paid in the amount of $32,576.88. *See* Exhibit D, Page 2.

79.     Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of six (6) months.

80.     In advance to the execution of the foregoing contract, Defendant, Jason "Jay" Walsh represented to Plaintiffs that the 420 S. 61st Street Property was in a habitable condition and already possessed rent-paying tenants.

81.     Defendant, Jason "Jay" Walsh represented to Plaintiffs that the 420 S. 61st Street Property did not require renovations.

82.     In 2021, Plaintiffs discovered that the 420 S. 61st Street Property did not have a tenant and remains unoccupied; the Property is in a state of disrepair.

**667 N. 39th St.**

83.     On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 667 N. 39th Street, Philadelphia, PA 19143 (the "667 N. 39th Street Property") from Defendant, ABC Capital RE, LTD for $136,975. *See* Exhibit E.

84.     An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

      a.  Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.  Roof is warranties [sic] for 12 years.

      c.  Rents are guaranteed for $1800 [sic] per month for 2 years.

      d.  Buyer will pay 7% for Property Management for Year One.

*See* Exhibit E, Page 15.

85.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, Philly Metro Builders LLC contractually agreed to renovate the entire 667 N. 39th Street Property at a cost of $70,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii)

21

new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit E, Page 17.

86.    However, per the HUD Statement, the seller was actually Non-Party, Twin Properties, LLC. *See* Exhibit F.

87.    Additionally, Defendant, Yaron Zer received $1,000 "As Billed". *See* Exhibit F, Page 2.

88.    Further, Defendant, ABC Capital RE, LTD received $30,048.61 for "Rehab Costs" while Non-Party, MD First Construction received $5,000 for "Construction Costs". *See* Exhibit F, Page 2.

89.    Additionally, per the HUD Settlement Statement, liens were paid in the amount of $1,222.28. *See* Exhibit F, Page 2.

90.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of six (6) months.

91.    In 2022, Plaintiffs learned that Defendants failed to effectuate the transfer of the 420 S. 61st Street Property to Plaintiffs.

**1110 S. 54th St.**

92.    On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 1110 S. 54th Street, Philadelphia, PA 19143 (the "1110 S. 54th Street Property") from Defendant, ABC Capital RE, LTD for $101,925. *See* Exhibit G.

93.    An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

    b.  Roof is warranties [sic] for 12 years.

    c.  Rents are guaranteed for $1850 [sic] per month for 2 years.

    d.  Buyer will pay 7% for Property Management for Year One.

*See* Exhibit G, Page 16.

94.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, Philly Metro Builders LLC contractually agreed to renovate the entire 1110 S. 54th Street Property at a cost of $85,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit G, Page 18.

95.    However, per the HUD Statement, the seller was actually Defendant, AGL Capital Investments, LLC. *See* Exhibit H. Defendant, Jason "Jay" Walsh executed the HUD Settlement Statement on behalf of Defendant, AGL Capital Investments, LLC. *See* Exhibit H, Page 2.

96.    Defendant, Yaron Zer received a "consultant fee" of $1,000. *See* Exhibit H, Page 2.

97.    Per the HUD Settlement Statement, liens were paid in the amount of $6,824.67. *See* Exhibit H, Page 2.

98.    Additionally, per the HUD Settlement Statement, Defendant, ABC Capital R.E. Ltd received $52,705.07 for "Rehab Fee". *See* Exhibit H, Page 2.

99.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of three (3) months.

100.    Further, despite paying for the full renovation of the 1110 S. 54th Street Property, Defendants failed to make *any* renovations or repairs to the 1110 S. 54th Street Property.

101.    As a result of Defendants failed to make *any* renovations or repairs to the 1110 S. 54th Street Property, Plaintiffs sold the 1110 S. 54th Street Property for only $102,500 on or about April 19, 2022.

### 1334 N. Dover St.

102.    In or around June 2019, Plaintiff, Ricardo Oved, on behalf of Plaintiff, Delta Fund 1 Philly, LLC executed a HUD Settlement Statement concerning a real property located at and known as 1334 N. Dover Street, Philadelphia, PA 19121 (the "1334 N. Dover Street Property"), agreeing to purchase the property from Defendant, Vas US LP. *See* Exhibit J.[2]

103.    Defendant, Jason "Jay" Walsh executed the HUD Settlement Statement on behalf of Defendant, Vas US LP. *See* Exhibit J, Page 2.

104.    Per the HUD Settlement Statement, the total contract sales price was $212,230 *See* Exhibit J, Page 2.

105.    Per the HUD Settlement Statement, liens were paid in the amount of $636.33. *See* Exhibit J, Page 2.

106.    Defendant, Yaron Zer received a "as billed" commission of $1,000. *See* Exhibit J, Page 2.

107.    Non-Party, Liss and Katz Law, LLC also received attorney fees in the amount of $4,500.

108.    Additionally, per the HUD Settlement Statement, Defendant, ABC Capital R.E. Ltd received $26,647.51 for "Rehab Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit J, Page 2.

---

[2]        Plaintiffs do not possess the applicable Standard Agreement for the Sale of Real Estate pertaining to the 1334 N. Dover Street Property. It is believed and therefore averred that one or more Defendants possess a true and correct copy of the Standard Agreement for the Sale of Real Estate pertaining to the 1334 N. Dover Street Property. Plaintiffs further believe that the Standard Agreement for the Sale of Real Estate pertaining to the 1334 N. Dover Street Property also included terms for guaranteed rental payments.

109.    Additionally, Defendant, MD First Construction received $5,000 for "Construction Costs". *See* Exhibit J, Page 2.

**1510 N. Fraizer St.**

110.    On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 1510 N. Frazier Street, Philadelphia, PA 19131 (the "1510 N. Frazier Street Property") from Defendant, ABC Capital RE, LTD for $67,175. *See* Exhibit K.

111.    An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

  a.  Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

  b.  Roof is warranties [sic] for 12 years.

  c.  Rents are guaranteed for $1100 [sic] per month for 2 years.

  d.  Buyer will pay 7% for Property Management for Year One.

*See* Exhibit K, Page 16.

112.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, Philly Metro Builders LLC contractually agreed to renovate the entire 1510 N. Frazier Street Property at a cost of $40,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit K, Page 18.

113.    However, per the HUD Statement, the seller was actually Non-Party, Breezmor, LLC. *See* Exhibit L. Defendant, Jason "Jay" Walsh executed the HUD Settlement Statement on behalf of actually Non-Party, Breezmor, LLC. *See* Exhibit L, Page 2.

114.    Defendant, Yaron Zer received a "consultant fee" of $1,000. *See* Exhibit L, Page 2.

115.    Additionally, per the HUD Settlement Statement, Defendant, Philly Metro Builders, LLC received $24,678.16 for "Rehab Fee".  *See* Exhibit L, Page 2.

116.    Per the HUD Settlement Statement, liens were paid in the amount of $5,154.93. *See* Exhibit L, Page 2.

117.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of six (6) months.

118.    Further, despite paying for full renovation of the 1510 N. Frazier Street Property, Defendants failed to make *any* renovations or repairs to the 1510 N. Frazier Street Property.

119.    As a result of Defendants failure to make *any* renovations or repairs to the 1510 N. Frazier Street Property, Plaintiffs sold the 1510 N. Frazier Street Property for only $74,000 on or about March 16, 2022.

### 2454 N. 29th St

120.    On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 2454 N. 29th Street, Philadelphia, PA 19132 (the "2454 N. 29th Street Property") from Defendant, ABC Capital RE, LTD for $104,025. *See* Exhibit M.

121.    An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.    Roof is warranties [sic] for 12 years.

      c.    Rents are guaranteed for $1100 [sic] per month for 2 years.

   d. Buyer will pay 7% for Property Management for Year One.

*See* Exhibit M, Page 16.

122. However, per the HUD Statement, the seller was actually Non-Party, A&J Capital Investments LLC. *See* Exhibit N.

123. Per the HUD Settlement Statement, liens were paid in the amount of $3,689.20. *See* Exhibit N, Page 2.

124. Additionally, per the HUD Settlement Statement, Defendant, ABC Capital R.E. Ltd received $15,033.18 for "Rehab Fee" despite . *See* Exhibit N, Page 2.

125. Additionally, Defendant, MD First Construction received $2,500 for "Rehab Reimbursements". *See* Exhibit N, Page 2.

126. Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of eight (8) months.

**2512 S. Robinson St.**

127. On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 2512 S. Robinson Street, Philadelphia, PA 19132 (the "2512 S. Robinson Street Property") from Defendant, ABC Capital RE, LTD for $94,575. *See* Exhibit O.

128. An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

   a. Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

   b. Roof is warranties [sic] for 12 years.

   c. Rents are guaranteed for $1000 [sic] per month for 2 years.

d.   Buyer will pay 7% for Property Management for Year One.

*See* Exhibit O, Page 16.

129.   However, per the HUD Statement, the seller was actually Non-Party, A&J Capital

Investments LLC. *See* Exhibit P.

130.   Per the HUD Settlement Statement, liens were paid in the amount of $7,349.21. *See*

Exhibit P, Page 2.

131.   Additionally, per the HUD Settlement Statement, Defendant, ABC Capital R.E. Ltd

received $5,942.93 for "Rehab Fee" as payment for contractual agreement to renovate the entire

home.  *See* Exhibit P, Page 2.

132.   Despite the contractual guarantee of rental payments for a period of twenty-four (24)

months, Plaintiffs did not receive any rental payments.

**BALTIMOORE, MD PROPERTIES**

**1513 E. Chase St.**

133.   On or about February 28, 2020, Plaintiffs entered into a Real Estate Contract of Sale to

purchase the real property located at and known as 1513 E. Chase St., Baltimore, MD 21213 (the

"1513 E. Chase Street Property") from Defendant, ABC Capital Baltimore, LLC for $56,000.

*See* Exhibit Q.

134.   An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC

also contractually agreed to, *inter alia*, the following terms:

a.   Property is warrantied for 24 months. Client will have NO maintenance at all for

24 months.

b.   Roof is warrantied for 12 years added by a 3rd party roofing contractor.

    c.   Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $2400 [sic] per month for 2 years.

    d.   Buyer will pay 7% for Property Management for Year One.

*See* Exhibit Q, Page 6.

135.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate the 1513 E. Chase Street Property at a cost of $147,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit Q, Page 8.

136.    On or about February 28, 2020, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1513 E. Chase Street Property. See Exhibit S.

137.    However, per the HUD Statement, the seller was actually Non-Party, Alva 74 Investment, LLC. *See* Exhibit R.

138.    Additionally, per the HUD Settlement Statement, Defendant, ABC Management – Baltimore, LLC  received $146,978.79 for "Reimbursement of previous Maintenance" as payment for contractual agreement to renovate the entire home.  *See* Exhibit R, Page 2.

139.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of eight (8) months.

140.    Further, despite paying for the full renovation of the 1513 E. Chase Street Property, Defendants failed to make *any* renovations or repairs to the 1513 E. Chase Street Property.

141.    In 2021, Plaintiffs discovered that the 1513 E. Chase Street Property is in a state of disrepair.

**602 Arsan Ave.**

142.    On or about August 15, 2019, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 602 Arsan Ave., Baltimore, MD 21213 (the "602 Arsan Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $55,000. *See* Exhibit T.

143.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

        a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

        b.    Roof is warranties [sic] for 12 years.

        c.    Rents are guaranteed for $1550 [sic] per month for 2 year [sic].

        d.    Buyer will pay 7% for Property Management for Year One.

*See* Exhibit T, Page 5.

144.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate the 602 Arsan Avenue Property at a cost of $70,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit T, Page 7.

145.    On or about August 15, 2019, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 602 Arsan Avenue Property. See Exhibit U.

146.    However, per the HUD Statement, the seller was actually Non-Party, Gida, LLC. *See* Exhibit V.

147.    Per the HUD Settlement Statement, Defendant, Premier Rentals Philadelphia, LLC received $2,500. *See* Exhibit V, Page 2.

148.    Additionally, per the HUD Settlement Statement, Defendant, USA Rebuilders, LLC received $5,000 for "Renovation Fee".  *See* Exhibit V, Page 3.

149.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs did not receive *any* rental payments.

150.    Further, despite paying for the full renovation of the 602 Arsan Avenue Property, Defendants failed to make *any* renovations or repairs to the 602 Arsan Avenue Property.

151.    In 2021, Plaintiffs discovered that the 602 Arsan Avenue Property is in a state of disrepair.

**808 N. Streeper St.**

152.    On or about February 23, 2021, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 808 N. Streeper St, Baltimore, MD 21205 (the "808 N. Streeper Street Property") from Defendant, IPP USA, LLC for $35,000. *See* Exhibit W.

153.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

   a.   Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

   b.   Roof is warrantied for 12 years added by a 3rd party roofing contractor.

   c.   Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $1274 [sic] per month for 1 year.

   d.   Buyer will pay 10% for Property Management for Year One.

*See* Exhibit W, Page 7.

154.    On or about February 23, 2021, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 808 N. Streeper St. Property. *See* Exhibit X.

155.    Per the HUD Settlement Statement, Defendant, ABC Capital Baltimore, LLC received a $34,404.54 for "Renovation Fee". *See* Exhibit X, Page 2.

156.    Despite the contractual guarantee of rental payments for a period of twelve (12) months, Plaintiffs did not receive *any* rental payments.

**1001 ½ Dundalk Avenue**

157.    On or about October 4, 2019, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1001 ½ Dundalk Ave., Baltimore, MD 21224 (the "1001 ½ Dundalk Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $128,390. *See* Exhibit Z.

158.    An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

        a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

        b.    Roof is warranties [sic] for 12 years.

        c.    Rents are guaranteed for $2300 [sic] per month for 2 years.

        d.    Buyer will pay 7% for Property Management for Year One.

*See* Exhibit Z, Page 5.

159.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate 1001 ½ Dundalk

Avenue Property at a cost of $60,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit Z, Page 7.

160.     On or about October 4, 2019, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1001 ½ Dundalk Avenue Property. See Exhibit AA.

161.     Per the HUD Settlement Statement, Defendant, Premier Rentals Philadelphia, LLC received $2,500. *See* Exhibit BB, Page 2.

162.     Additionally, per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC  received $59,429.65 for "Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit BB, Page 2.

163.     Further, despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of four (4) months.

164.     Further, despite paying for the full renovation of the 1001 ½ Dundalk Avenue Property, Defendants failed to make *any* renovations or repairs to the 1001 ½ Dundalk Avenue Property.

**1001 Dundalk Avenue**

165.     On or about October 4, 2019, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1001 Dundalk Ave., Baltimore, MD 21224 (the "1001 Dundalk Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $128,390. *See* Exhibit CC.

166.     An addendum to the aforementioned contract, Defendant, ABC Capital RE, LTD also contractually agreed to, *inter alia*, the following terms:

    a.   Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

    b.   Roof is warranties [sic] for 12 years.

    c.   Rents are guaranteed for $2300 [sic] per month for 2 years.

    d.   Buyer will pay 7% for Property Management for Year One.

*See* Exhibit CC, Page 5.

167.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate the 1001 Dundalk Avenue Property at a cost of $60,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit CC, Page 7.

168.    On or about October 4, 2019, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1001 Dundalk Avenue Property. See Exhibit DD.

169.    Per the HUD Settlement Statement, Defendant, Premier Rentals Philadelphia, LLC received $2,500. *See* Exhibit EE, Page 2.

170.    Additionally, per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC  received $59,323.01 for "Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit EE, Page 2.

171.    Further, despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of four (4) months.

172.    Further, despite paying for the full renovation of the 1001 Dundalk Avenue Property, Defendants failed to make *any* renovations or repairs to the 1001 Dundalk Avenue Property.

173.     As a result of Defendants failed to make *any* renovations or repairs to the 1001 Dundalk Avenue Property, Plaintiffs sold the 1001 Dundalk Avenue Property for only $205,000 on or about May 2, 2022.

### 1513 Popland St.

174.     On or about May 14, 2021, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1513 Popland St., Baltimore, MD 21226 (the "1513 Popland Street Property") from Defendant, IPP USA, LLC for $35,000. *See* Exhibit FF.

175.     An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

a.     Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

b.     Roof is warrantied for 12 years added by a 3rd party roofing contractor.

c.     Rents are abated and no rents are due until IRS tax identification number is provided.

d.     Property Management will be at no cost for two years and then 10% of rents collected after the first two years.

*See* Exhibit FF, Page 6.

176.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, IPP USA, LLC contractually agreed to renovate 1513 Popland Street Property at a cost of $35,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit Z, Page 7.

177.    On or about October 4, 2019, Plaintiffs also entered into a Property Management

Contract with Defendant, ABC Management - Baltimore, LLC concerning 1513 Popland Street

Property. See Exhibit GG.

178.    However, per the HUD Statement, the seller was actually Defendant, ABC Capital-

Baltimore, LLC. *See* Exhibit HH.

179.    Additionally, per the HUD Settlement Statement, Non-Party, ABC Management -

Baltimore, LLC  received $34,243.54 for "Reimbursement of Maintenance Fee" as payment for

contractual agreement to renovate the entire home. *See* Exhibit HH, Page 2.

180.    Further, despite paying for the full renovation of the 1513 Popland Street Property,

Defendants failed to make *any* renovations or repairs to the 1513 Popland Street Property.

181.    Further, despite providing the applicable IRS tax identification number, Plaintiffs did not

receive any rental payments for the 1513 Popland Street Property despite the Property

Management Contract.

**1821 Baker St.**

182.    On or about May 18, 2021, Plaintiffs entered into a Real Estate Contract of Sale to

purchase the real property located at and known as 1821 Baker St., Baltimore, MD 21217 (the

"1821 Baker Street Property") from Defendant, IPP USA, LLC for $47,850. *See* Exhibit II.

183.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also

contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for

          24 months.

      b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

    c.   Rents are abated and no rents are due until IRS tax identification number is provided.

    d.   Property Management will be at no cost for two years and then 10% of rents collected after the first two years.

*See* Exhibit II, Page 6.

184.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate the 1821 Baker Street Property at a cost of $44,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit II, Page 7.

185.    On or about May 18, 2021, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1821 Baker Street Property. See Exhibit JJ.

186.    However, per the HUD Statement, the seller was actually Non-Party, Cord 8 Invesments, LLC. *See* Exhibit KK.

187.    Per the HUD Settlement Statement, Defendant, Philly Metro Builders, LLC received a "Commission" of $3,674. *See* Exhibit KK, Page 2.

188.    Per the HUD Settlement Statement, "Fast Construction" received $4,593 Commission". *See* Exhibit KK, Page 2.

189.    Per the HUD Settlement Statement, Defendant, ABC Capital – Baltimore, LLC received $24,000; obstinately for construction costs.  *See* Exhibit KK, Page 2.

190.    Further, despite paying for the full renovation of the 1821 Baker Street Property, Defendants failed to make *any* renovations or repairs to the 1821 Baker Street Property.

191.    In 2021, Plaintiffs discovered that the 1821 Baker Street Property is in a state of disrepair.

192.    Further, despite providing the applicable IRS tax identification number, Plaintiffs did not receive any rental payments for the 1821 Baker Street Property despite the Property Management Contract.

**1918 Charles St.**

193.    On or about May 2, 2019, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1918 Charles St., Baltimore, MD 21218 (the "1918 Charles Street Property") from Defendant, ABC Capital Baltimore, LLC for $245,000. *See* Exhibit LL.

194.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

  a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

  b.    Roof is warranties [sic] for 12 years.

  c.    Rents are guaranteed for $4400 [sic] per month for 2 years.

  d.    Buyer will pay 7% for Property Management for Year One.

*See* Exhibit LL, Page 5.

195.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate 1918 Charles Street Property at a cost of $115,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit LL, Page 6.

196.    However, per the HUD Statement, the seller was actually Non-Party, Land Research Associates, LLC. *See* Exhibit MM.

197.    Additionally, per the HUD Settlement Statement, Plaintiff paid a $110,148.39 for "Rehab" as payment for contractual agreement to renovate the entire home. *See* Exhibit MM, Page 1.

198.    Further, despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of eighteen (18) months.

199.    Further, despite paying for the full renovation of the 1918 Charles Street Property, Defendants failed to make *any* renovations or repairs to the 1918 Charles Street Property.

**1929 W. North Ave.**

200.    On or about March 2, 2020, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1929 W. North Ave., Baltimore, MD 21217 (the "1929 W. North Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $84,500. *See* Exhibit NN.

201.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

      c.    Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $2250 [sic] per month for 2 year [sic].

      d.    Buyer will pay 7% for Property Management.

*See* Exhibit NN, Page 6.

202.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the 1929 W. North Avenue Property at a cost of $108,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit II, Page 7.

203.    On or about March 2, 2020, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1929 W. North Avenue Property. See Exhibit OO.

204.    Per the HUD Settlement Statement, Defendant, Philly Metro Builders, LLC received a $2,500. *See* Exhibit PP, Page 2.

205.    Additionally, per the HUD Settlement Statement, Non-Party, ABC Management - Baltimore, LLC  received $107,776.22 for "Reimbursement of Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit PP, Page 2.

206.    Despite the guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs did not receive *any* rental payments.

207.    Further, despite paying for the full renovation of the 1929 W. North Avenue Property, Defendants failed to make *any* renovations or repairs to the 1929 W. North Avenue Property.

208.    In 2021, Plaintiffs discovered that the 1929 W. North Avenue Property is in a state of disrepair.

**1935 Hollins St.**

209.    On or about March 11, 2021, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1935 Hollins St., Baltimore, MD 21205 (the "1935 Hollins Street Property") from Defendant, IPP USA, LLC for $50,000. *See* Exhibit QQ.

210.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.

      b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

      c.    Rents are abated and no rents are due until IRS tax identification number is provided.

      d.    Buyer will pay 8% for Property Management for Year One.

*See* Exhibit QQ, Page 6.

211.    On or about March 11, 2021, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1935 Hollins Street Property. *See* Exhibit RR.

212.    Per the HUD Settlement Statement, Defendant, ABC Capital Baltimore, LLC received a $61,000 for "Return of Maintenance Fee". *See* Exhibit SS, Page 2.

213.    Further, despite providing the applicable IRS tax identification number, Plaintiffs did not receive any rental payments for the 1821 Baker Street Property despite the Property Management Contract.

**2022 Etting St.**

214.    On or about February 29, 2020, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 2022 Etting St., Baltimore, MD 21217 (the "2022 Etting Street Property") from Defendant, ABC Capital Baltimore, LLC for $44,000. *See* Exhibit TT.

215.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

      a.   Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.   Roof is warrantied for 12 years added by a 3rd party roofing contractor.

      c.   Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $1100 [sic] per month for 2 years.

      d.   Buyer will pay 7% for Property Management.

*See* Exhibit TT, Page 6.

216.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the 2022 Etting Street Property at a cost of $40,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit II, Page 7.

217.    On or about February 29, 2020, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 2022 Etting Street Property. See Exhibit UU.

218.    However, per the HUD Statement, the seller was actually Non-Party, C&N 2015 LLC. *See* Exhibit VV.

219.    Additionally, per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC  received $40,000 for "Reimbursement of Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit VV, Page 2.

220.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of five (5) months.

221.    Further, despite paying for the full renovation of the 2022 Etting Street Property, Defendants failed to make *any* renovations or repairs to the 2022 Etting Street Property.

**2219 Orem Ave.**

222.    On or about March 2, 2020, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 2219 Orem Ave., Baltimore, MD 21217 (the "2219 Orem Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $37,000. *See* Exhibit WW.

223.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

c.    Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $1200 [sic] per month for 2 years.

d.    Buyer will pay 7% for Property Management.

*See* Exhibit WW, Page 6.

224.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the 2219 Orem Avenue Property at a cost of $50,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit WW, Page 8.

225.    On or about March 2, 2020, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 2219 Orem Avenue Property. See Exhibit XX.

226.    However, per the HUD Statement, the seller was actually Non-Party, C&N 2015 LLC. *See* Exhibit YY.

227.    Additionally, per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC  received $50,000 for "Rehab" as payment for contractual agreement to renovate the entire home. *See* Exhibit YY, Page 1.

228.    Further, despite paying for the full renovation of the 2219 Orem Avenue Property, Defendants failed to make *any* renovations or repairs to the 2219 Orem Avenue Property.

229.    In 2021, Plaintiffs discovered that the 2219 Orem Avenue Property is in a state of disrepair.

### 2556 W. Baltimore St.

230.    On or about August 8, 2021, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 2556 W. Baltimore St., Baltimore, MD 21217 (the "2556 W. Baltimore Street Property") from Defendant, IPP USA, LLC for $52,000. *See* Exhibit ZZ.

231.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

     c.   Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $1800 [sic] per month for 1 year.

     d.   Property Management will be at no cost for first two years and then 10% of rents collected after the first two years.

*See* Exhibit ZZ, Page 6.

232.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the 2556 W. Baltimore Street Property at a cost of $85,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit ZZ, Page 8.

233.    On or about March 2, 2020, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 2556 W. Baltimore Street Property. See Exhibit AAA.

234.    However, per the HUD Statement, the seller was actually Defendant, ABC Capital – Baltimore, LLC. *See* Exhibit BBB.

235.    Per the HUD Settlement Statement, "HG Realty" received a "commission" of $6,850. *See* Exhibit BBB, Page 2.

236.    Per the HUD Settlement Statement, Defendant, Philly Metro Builders, LLC received $7,500 for "Construction Reimbursement". *See* Exhibit BBB, Page 2.

237.    Per the HUD Settlement Statement, "Fast and Ready Construction" received $7,500 for "Construction Reimbursement". *See* Exhibit BBB, Page 2.

238.    Per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC received $84,787.71 for "Reimbursement of Maintenance Fee" as payment for contractual

agreement to renovate the entire home; $20,000 of the foregoing was placed in Escrow. *See* Exhibit BBB, Page 2.

239.    Despite the contractual guarantee of rental payments for a period of twelve (12) months, Plaintiffs only received rental payments for a period of four (4) months.

240.    Further, despite paying for the full renovation of the 2556 W. Baltimore Street Property, Defendants failed to make *any* renovations or repairs to the 2556 W. Baltimore Street Property.

**2609 W. Fayette St.**

241.    On or about May 14, 2021, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 2609 W. Fayette St., Baltimore, MD 21217 (the "2609 W. Fayette Street Property") from Defendant, IPP USA, LLC for $53,000. *See* Exhibit CCC.

242.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

      c.    Rents are abated and no rents are due until IRS tax identification number is provided.

      d.    Property Management will be at no cost for first two years and then 10% of rents collected after the first two years.

*See* Exhibit CCC, Page 6.

243.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the 2609 W.

Fayette Street Property at a cost of $34,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit CCC, Page 8.

244.    On or about May 14, 2021, Plaintiffs also entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the 2609 W. Fayette Street Property. See Exhibit DDD.

245.    However, per the HUD Statement, the seller was actually Defendant, ABC Capital – Baltimore, LLC. *See* Exhibit EEE.

246.    Per the HUD Settlement Statement, "PGutman" received a "commission" of $4,350. *See* Exhibit BBB, Page 2.

247.    Per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC received $34,000 for "Reimbursement of Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit EEE, Page 2.

248.    Further, despite paying for the full renovation of the 2609 W. Fayette Street Property, Defendants failed to make *any* renovations or repairs to the 2609 W. Fayette Street Property.

249.    Further, despite providing the applicable IRS tax identification number, Plaintiffs did not receive any rental payments for the 2609 W. Fayette Street Property despite the Property Management Contract.

**2730 Kinsley Ave.**

250.    On or about February 29, 2020, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 2730 Kinsley Ave., Baltimore, MD 21217 (the "2730 Kinsley Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $22,000. *See* Exhibit FFF.

251.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

    a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

    b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

    c.    Rents are guaranteed by a third-party insurance company named Guarantors and/or Rent Protect Membership for $1100 [sic] per month for 2 years.

    d.    Buyer will pay 7% for Property Management

*See* Exhibit FFF, Page 6.

252.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the 2730 Kinsley Avenue Property at a cost of $64,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit FFF, Page 8.

253.    On or about February 29, 2020, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 2730 Kinsley Avenue Property. See Exhibit GGG.

254.    However, per the HUD Statement, the seller was actually Non-Party, C&N 2015, LLC. *See* Exhibit HHH.

255.    Per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC received $64,000 for "Reimbursement of Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit HHH, Page 2.

256.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of five (5) months.

257.    Further, despite paying for the full renovation of the 2730 Kinsley Avenue Property, Defendants failed to make *any* renovations or repairs to the 2730 Kinsley Avenue Property.

258.    In 2021, Plaintiffs discovered that the 2730 Kinsley Avenue Property is in a state of disrepair.

### 2915 Rockrose Ave

259.    On or about May 3, 2019, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 2915 Rockrose Ave., Baltimore, MD 21215 (the "2915 Rockrose Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $61,825. *See* Exhibit III.

260.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

      b.    Roof is warranties [sic] for 12 years.

      c.    Rents are guaranteed for $1500 [sic] per month for 2 years.

      d.    Buyer will pay 7% for Property Management for Year One.

*See* Exhibit III, Page 5.

261.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate 2915 Rockrose Avenue Property at a cost of $58,000, including, *inter alia,* (i) new electric; (ii) new plumbing;

(iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit III, Page 6.

262.    Per the HUD Settlement Statement, Defendant, Premier Rentals Philadelphia, LLC received $2,500. *See* Exhibit JJJ, Page 2.

263.    Per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC received $57,295.69 for "Rehab" as payment for contractual agreement to renovate the entire home. *See* Exhibit JJJ, Page 2.

264.    Per the HUD Settlement Statement, Defendant, MD First Construction Company, LLC received $5,000. *See* Exhibit JJJ, Page 2.

265.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of seventeen (17) months.

266.    Further, despite paying for the full renovation of the 2915 Rockrose Avenue Property, Defendants failed to make *any* renovations or repairs to the 2915 Rockrose Avenue Property.

**3208 Elmey Ave.**

267.    On or about May 18, 2021, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 3208 Elmey Ave., Baltimore, MD 21213 (the "3208 Elmey Ave Avenue Property") from Defendant, IPP USA, LLC for $47,20000. *See* Exhibit KKK.

268.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.

      b.    Roof is warrantied for 12 years added by a 3rd party roofing contractor.

    c.   Rents are abated and no rents are due until IRS tax identification number is provided.

    d.   Property Management will be at no cost for first two years and then 10% of rents collected after the first two years.

*See* Exhibit KKK, Page 6.

269.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate 3208 Elmey Ave Avenue Property at a cost of $39,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit KKK, Page 8.

270.    On or about May 18, 2021, Plaintiffs also entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the 3208 Elmey Ave Avenue Property. See Exhibit GGG.

271.    Plaintiffs did not received a final HUD Settlement Statement.

272.    Further, despite paying for the full renovation of the 3208 Elmey Ave Avenue Property, Defendants failed to make *any* renovations or repairs to the 3208 Elmey Ave Avenue Property.

273.    In 2021, Plaintiffs discovered that the 3208 Elmey Ave Avenue Property is in a state of disrepair.

274.    Further, despite providing the applicable IRS tax identification number, Plaintiffs did not receive any rental payments for the 3208 Elmey Ave Avenue Property despite the Property Management Contract.

**1403 N. Luzerna Ave.**

275.    On or about August 9, 2019, Plaintiffs entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1403 N. Luzerna Ave., Baltimore, MD 21213 (the "1403 N. Luzerna Avenue Property") from Defendant, ABC Capital Baltimore, LLC for $58,725. *See* Exhibit MMM.

276.    An addendum to the aforementioned contract, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

   a.  Property is warrantied for 24 months. Client will have NO maintenance at all for 24 months.

   b.  Roof is warranties [sic] for 12 years.

   c.  Rents are guaranteed for $1225 [sic] per month for 2 years.

   d.  Buyer will pay 7% for Property Management for Year One.

*See* Exhibit MMM, Page 5.

277.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate 1403 N. Luzerna Avenue Property at a cost of $38,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit MMM, Page 6.

278.    On or about August 9, 2019, Plaintiffs also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1403 N. Luzerna Avenue Property. *See* Exhibit NNN.

279.    Per the HUD Settlement Statement, Defendant, Premier Rentals Philadelphia, LLC received $2,500. *See* Exhibit OOO, Page 2.

280.    Per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC received $38,000 "Maintenance Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit OOO, Page 2.

281.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiffs only received rental payments for a period of seventeen (17) months.

282.    Further, despite paying for the full renovation of the 1403 N. Luzerna Avenue Property, Defendants failed to make *any* renovations or repairs to the 1403 N. Luzerna Avenue Property.

**V.      CAUSES OF ACTION**

## <u>COUNT I</u>
### Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")
*Plaintiffs v. Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10*

283.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

284.    Plaintiffs, Ricardo Oved, Delta Fund 1 Philly LLC, and Fund Delta 1 BAL LLC are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

285.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

286.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

287.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10 acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiffs, through a ponzi-like scheme surrounding "income producing properties" as described in detail herein.

288.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10 formed an enterprise and

association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

289.    The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

290.    The RICO Enterprise engaged in a pattern of indictable conduct, including conduct indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud), - - via the use of fraudulent emailed communications and advertisements to obtain and deceive victims, as well as wire transfers to obtain the victim's funds in a fraudulent matter - and 18 U.S.C. 1952 (relating to racketeering) – through the ponzi-like use of incoming investors funds to pay prior investors falsely-characterized "guaranteed rent" payments – in that the RICO Enterprise made use of the facilities of interstate commerce in furtherance of its ponzi-like scheme to defraud individuals, including, but not limited to, Plaintiffs herein as well as the thirty-three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116); two plaintiffs in *Dr. Jose Michan-Levy, et al v. ABC Capital Investments, LLC, et al* (EDPA 21-01917); two plaintiffs in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188); one plaintiff in *Nova Home Group, LLC v. ABC Capital Investments, LLC, et al* (EDPA 22-04377); two plaintiffs in *Anibal Orrico, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-03960); three plaintiffs in *Javier Opocynski, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04368); four plaintiffs in *Dr. Javier Rossi, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00260); three plaintiffs in *Gustavo Marquez, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00606); four plaintiffs in *Walter Gomez, et*

*al v. ABC Capital Investments, LLC, et al* (EDPA No. 23-00048); and, two plaintiffs in *Facundo Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

291.    The members of the RICO Enterprise each committed at least two acts or otherwise aided and abetted such acts.

292.    The members of the RICO Enterprise acted with the specific intent to engage in the substantive RICO violations.

293.    The predicate acts were not isolated, but rather the acts of the Defendants were related in that they had the same or similar purpose and result, participants, victims, and method of commission.

294.    This pattern of racketeering activities is further supported by the predicate acts set forth by the thirty-three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116); two plaintiffs in *Dr. Jose Michan-Levy, et al v. ABC Capital Investments, LLC, et al* (EDPA 21-01917); two plaintiffs in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188); one plaintiff in *Nova Home Group, LLC v. ABC Capital Investments, LLC, et al* (EDPA 22-04377); two plaintiffs in *Anibal Orrico, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-03960); three plaintiffs in *Javier Opocynski, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04368); four plaintiffs in *Dr. Javier Rossi, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00260); three plaintiffs in *Gustavo Marquez, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00606); four plaintiffs in *Walter Gomez, et al v. ABC Capital Investments, LLC, et al* (EDPA No. 23-00048); and, two plaintiffs in *Facundo Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

295.    The members of the RICO Enterprise committed acts constituted indictable offenses under 18 U.S.C. 1343 (relating to wire fraud) and 18 U.S.C. 1952 (relating to racketeering) in

that they devised or intended to devise a scheme to defraud their victim-clients, including Plaintiffs, to obtain money from their victim-clients by means of false or fraudulent pretenses, representations, or promises.

296.     For purposes of executing their scheme, the members of the RICO Enterprise caused delivery of various documents by means of wire communication in interstate and foreign commerce.

297.     The members of the RICO Enterprise committed the predicate acts intentionally and knowingly with the specific intent to advance the RICO Enterprises' scheme.

298.     The members of the RICO Enterprise carried out their scheme in different states, countries, and continents and could not have done so without the use of interstate and foreign wires. Moreover, in furtherance of their scheme, the members of the RICO Enterprise communicated amongst themselves and with Plaintiffs in furtherance of the scheme to defraud their victim-clients. These communications were typically transmitted by wire (i.e. electronically).

299.     Defendants' predicate acts constitute a course of conduct spanning a period of at least 2019 through 2022, and may be ongoing, with the intent to obtain money through false representations, fraud, deceit and other unlawful means.

300.     The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Florida, the State of Maryland, and the Commonwealth of Pennsylvania, as well as overseas. Upon information and belief, the RICO Enterprise also engages in and affects interstate commerce in the State of Michigan and the State of Missouri.

301.     As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

302.    Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

**COUNT II**
**Fraud**
*Plaintiffs v. Defendant, Jason "Jay" Walsh*

303.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

304.    Defendant, Jason "Jay" Walsh represented to Plaintiffs that he would sell twenty-five (25) specific properties to Plaintiffs.

305.    Defendant, Jason "Jay" Walsh represented to Plaintiffs that he had the authority to sell twenty-five (25) specific properties to Plaintiffs.

306.    Defendant, Jason "Jay" Walsh represented to Plaintiffs that in exchange for payment, Defendant, he would coordinate the following:

a.   create a new entity to hold the investment properties;

b.   select and coordinate the purchase of the six properties for the newly created entity;

c.   coordinate a full renovation of the properties within sixty days of settlement on each property; and,

d.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

307.    Defendant, Jason "Jay" Walsh represented that his companies guaranteed a return on investment in excess of nine percent per year.

308.    Defendant, Jason "Jay" Walsh represented that his companies would pay rental payments, guaranteed, at certain prices for a certain amount of time.

309.    Defendant, Jason "Jay" Walsh knew that the foregoing representations were false and misleading yet made the representations with the intent for Plaintiffs to rely thereupon.

310.    Plaintiffs justifiably depended upon the representations of Defendant, Jason "Jay" Walsh to Plaintiffs' financial detriment.

### COUNT III
**Breach of Contract**
*Plaintiffs v. Defendant, ABC Capital RE, LTD*

311.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

312.    On or about May 4, 2019, Plaintiffs entered into a Standard Agreement for the Sale of Real Estate to purchase the 667 N. 39th Street Property from Defendant, ABC Capital RE, LTD for $136,975. *See* Exhibit E.

313.    Despite paying the full $136,975 to Defendant, ABC Capital RE, LTD, Defendant failed to effectuate the sale or transfer of the 667 N. 39th Street Property to Plaintiffs. *See* Exhibit F.

314.    Plaintiffs have been financially harmed by Defendant, ABC Capital RE, LTD's breach of the foregoing contract.

### COUNT IV
**Breach of Contract**
*Plaintiffs v. Defendant, Philly Metro Builders, LLC*

315.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

316.    As described in more detail *supra*, Plaintiffs entered into contracts for the renovations of the certain properties with Defendant, Philly Metro Builders, LLC.

317.    Plaintiffs paid Defendant, Philly Metro Builders, LLC the full amount for the renovations.

318.    Defendant, Philly Metro Builders, LLC breached the foregoing contracts by failing to make any renovations to Plaintiffs' detriment.

## COUNT V
**Breach of Contract**
*Plaintiffs v. Defendant, ABC Capital RE, LTD*

319.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

320.    As described in more detail *supra*, Plaintiffs entered into a contract for the renovations of the 667 N. 39th Street Property with Defendant, ABC Capital RE, LTD.

321.    Plaintiffs paid Defendant, ABC Capital RE, LTD the full amount for the renovation of the foregoing property.

322.    Defendant, ABC Capital RE, LTD breached the foregoing contract by failing to make any renovations to the foregoing property to Plaintiffs' detriment.

## COUNT VI
**Breach of Contract**
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC*

323.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

324.    As described in more detail *supra*, Plaintiffs entered into contracts for the renovations of the certain properties with Defendant, ABC Management – Baltimore, LLC:

325.    Plaintiffs paid Defendant, ABC Management – Baltimore, LLC the full amount for the renovations.

326.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contracts by failing to make any renovations to Plaintiffs' detriment.

## COUNT VII
**Breach of Contract**
*Plaintiffs v. Defendant, IPP USA, LLC*

327.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

328.    As described in more detail *supra*, Plaintiffs entered into contracts for the renovations of the certain properties with Defendant, IPP USA, LLC:

329.    Plaintiffs paid Defendant, IPP USA, LLC the full amount for the renovations.

330.    Defendant, IPP USA, LLC breached the foregoing contracts by failing to make any renovations to Plaintiffs' detriment.

## COUNT VIII
### Breach of Contracts
*Plaintiffs v. Defendant, ABC Capital RE, LTD*

331.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

332.    As described in more detail *supra*, Plaintiffs entered into contracts with Defendant, ABC Capital RE, LTD that guaranteed rental payments for a set period of time for certain properties.

333.    As described in more detail *supra*, Defendant, ABC Capital RE, LTD breached the terms of those contracts by failing to pay the guaranteed rental payments for the set periods of time to Plaintiffs' detriment.

## COUNT IX
### Breach of Contracts
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC*

334.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

335.    As described in more detail *supra*, Plaintiffs entered into contracts with Defendant, ABC Management – Baltimore, LLC that guaranteed rental payments for a set period of time for certain properties.

336.    As described in more detail *supra*, Defendant, ABC Management – Baltimore, LLC breached the terms of those contracts by failing to pay the guaranteed rental payments for the set periods of time to Plaintiffs' detriment.

337.    Defendant, ABC Management – Baltimore, LLC failed to pay Plaintiffs in excess of $450,683 in guaranteed rental payments.

## COUNT IX
### Breach of Contract

*Plaintiffs v. Defendant, IPP USA, LLC*

338.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

339.    As described in more detail *supra*, Plaintiffs entered into contracts with Defendant, IPP USA, LLC that guaranteed rental payments for a set period of time for certain properties.

340.    As described in more detail *supra*, Defendant, IPP USA, LLC breached the terms of those contracts by failing to pay the guaranteed rental payments for the set periods of time to Plaintiffs' detriment.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Ricardo Oved, Delta Fund 1 Philly LLC, and Fund Delta 1 BAL LLC, by and through their undersigned counsel, respectfully demand judgment in their favor and against Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, MD First Construction Company, LLC, Premier Rentals Philadelphia, LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, and John Does 1-10, individually or jointly and severally, in an amount in excess of one million eight hundred twenty-nine thousand six hundred fifty-eight thousand dollars ($1,829,658.00), including all direct, compensatory, and consequential damages, statutory and punitive damages, attorney fees and costs, and such other and further relief as this Honorable Court deems necessary and just.

Respectfully Submitted,

**WEISBERG LAW**                                      **SCHAFKOPF LAW, LLC**

*/s/ L. Anthony DiJiacomo, III*                     */s/ Gary Schafkopf*
Matthew B. Weisberg                                   Gary Schafkopf

PA Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
PA Attorney Id. No.: 321356
7 S. Morton Avenue
Morton, PA 19070
O: (610) 690-0801
F: (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com

Attorney Id. No.: 83362
11 Bala Avenue
Bala Cynwyd, PA 19004
O: (610) 664-5200 Ext. 104
F: (888) 283-1334
gary@schaflaw.com


*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| **RICARDO OVED**, *et al.* | : | |
| | : | |
| v. | : | No.: 22-04345 |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC**, | : | |
| *et al.* | : | |

## CERTIFICATE OF SERVICE

I, L. Anthony DiJiacomo, III, Esquire, hereby certify that on this 23rd day of January

2025, a true and correct copy of the foregoing First Amended Complaint were served via ECF

upon all counsel of record.

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiffs*